## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **S.J.,** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. |
| | : | |
| **HARRISBURG HERSHEY HOSPITALITY, LLC D/B/A HOLIDAY INN EXPRESS HARRISBURG EAST-HERSHEY AREA BY IHG,** | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| | : | |
| **AND** | : | |
| | : | |
| **INTERCONTINENTAL HOTELS CORPORATION D/B/A HOLIDAY INN EXPRESS HARRISBURG EAST-HERSHEY AREA BY IHG,** | : | |
| | : | |
| | : | |
| | : | |
| **AND** | : | |
| | : | |
| **INTERCONTINENTAL HOTELS GROUP, INC. D/B/A HOLIDAY INN EXPRESS HARRISBURG EAST-HERSHEY AREA BY IHG,** | : | |
| | : | |
| | : | |
| | : | |
| **AND** | : | |
| | : | |
| **INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC D/B/A HOLIDAY INN EXPRESS HARRISBURG EAST-HERSHEY AREA BY IHG,** | : | |
| | : | |
| | : | |
| | : | |
| **AND** | : | |
| | : | |
| **DIVINE MANAGEMENT, LLC D/B/A INN OF THE DOVE HARRISBURG-HERSHEY,** | : | |
| | : | |
| | : | |
| **AND** | : | |
| | : | |
| **INN OF THE DOVE HARRISBURG D/B/A INN OF THE DOVE HARRISBURG-HERSHEY,** | : | |
| | : | |

**AND**                                              :
                                                     :
**BNG 1 ASSOCIATES LLC D/B/A BEST**                  :
**WESTERN HARRISBURG NORTH,**                        :
                                                     :
**AND**                                              :
                                                     :
**BEST WESTERN INTERNATIONAL, INC,**                 :
                                                     :
**AND**                                              :
                                                     :
**BRE HOSPITALITY PA PROPERTY OWNER**                :
**LP D/B/A TOWNEPLACE SUITES BY**                    :
**MARRIOTT HARRISBURG HERSHEY,**                     :
                                                     :
**AND**                                              :
                                                     :
**MARRIOTT INTERNATIONAL, INC.**                     :
                                                     :
**AND**                                              :
                                                     :
**CHIGGY ENTERPRISES, INC. D/B/A**                   :
**COUNTRY INN & SUITES BY RADISSON**                 :
**HARRISBURG-HERSHEY**                               :
                                                     :
**AND**                                              :

**RADISSON HOTELS MANAGEMENT**
**COMPANY, LLC**

**AND**

**RADISSON HOSPITALITY, LLC**
                                                     :
                    Defendants.                      :

---

## <u>COMPLAINT</u>

AND NOW, comes the Plaintiff, S.J., by Andreozzi + Foote, who files this Complaint against the Defendants, **HARRISBURG HERSHEY HOSPITALITY, LLC D/B/A HOLIDAY INN EXPRESS HARRISBURG EAST-HERSHEY AREA, INTERCONTINENTAL HOTELS CORPORATION D/B/A HOLIDAY INN EXPRESS HARRISBURG EAST-HERSHEY AREA, INTERCONTINENTAL HOTELS GROUP, INC. D/B/A HOLIDAY INN EXPRESS HARRISBURG EAST-HERSHEY AREA, INTERCONTINENTAL HOTELS GROUP RESOURCES, LLC D/B/A HOLIDAY INN**

EXPRESS HARRISBURG EAST-HERSHEY AREA, DIVINE MANAGEMENT, LLC D/B/A INN OF THE DOVE HARRISBURG-HERSHEY, INN OF THE DOVE HARRISBURG D/B/A INN OF THE DOVE HARRISBURG-HERSHEY, BNG 1 ASSOCIATES LLC D/B/A BEST WESTERN HARRISBURG NORTH, BEST WESTERN INTERNATIONAL, INC, BRE HOSPITALITY PA PROPERTY OWNER LP D/B/A TOWNEPLACE SUITES BY MARRIOTT HARRISBURG HERSHEY, MARRIOTT INTERNATIONAL, INC., CHIGGY ENTERPRISES, INC. D/B/A COUNTRY INN & SUITES BY RADISSON HARRISBURG-HERSHEY, RADISSON HOTELS MANAGEMENT COMPANY, LLC, RADISSON HOSPITALITY, LLC and in support thereof, states as follows:

## INTRODUCTION

1.     This action for damages is brought by Plaintiff, survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2.     Sex trafficking is defined under 22 U.S.C. § 7102 (11) as "[t]he recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purposes of a commercial sex act, in which the commercial sex act is induced by force, fraud, or coercion, or in which the person induced to perform such an act has not attained 18 years of age."

3.     Plaintiff meets the definition of a sex trafficking victim, induced by force, fraud, and coercion by a trafficker(s) to engage in commercial sex at the subject hotel(s), by being psychologically and physically prohibited from escape by a trafficker(s), or alternatively, was a minor at the time of the trafficking.

4.     The Trafficking Victims Protections Reauthorization Act ("TVPRA") provides a civil remedy for victims of a violation of the act.

5.     Section 1595 of the TVPRA provides that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the trafficker (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an

appropriate district court of the United States and may recover damages and reasonable attorney's fees." 18 U.S.C. § 1595.

## **PARTIES**

6.      Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address is not contained herein protect the safety, privacy and identity of sex trafficked victim(s). Nationwide similarly situated plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

7.      Plaintiff is currently a resident of Arizona.

8.      Plaintiff was born in 1995.

9.      At all times relevant and material, Defendant Harrisburg Hershey Hospitality, LLC is an Ohio limited liability company with its principal place of business at 4021 Union Deposit Rd, Harrisburg, PA 17109. Service may be made at 116 Pine Street, 3rd floor, suite 320, Harrisburg, PA 17101, upon its registered agent, National Registered Agents, Inc.

10.      Defendant Harrisburg Hershey Hospitality, LLC was a hotel(s) owner, hotel(s) operator, franchisee, manager, and/or supervisor of the Holiday Inn Express Harrisburg East-Hershey Area by IHG hotel, located at 4021 Union Deposit Rd, Harrisburg, PA 17109, during the relevant period, and prior thereto, and as such responsible for the subject hotel(s) during the time period Plaintiff was sex trafficked on said premises.

11.      During the relevant period, Defendant Harrisburg Hershey Hospitality, LLC was operator of the Holiday Inn Express Harrisburg East-Hershey Area by IHG hotel.

12.      Defendant Harrisburg Hershey Hospitality, LLC acted as a Franchisee and not a Franchisor for the Holiday Inn Express Harrisburg East-Hershey Area by IHG hotel.

13.     At all times relevant and material, Defendant Intercontinental Hotels Corporation is a Delaware corporation and is registered with the Pennsylvania Secretary of State to conduct business in the Commonwealth of Pennsylvania. Service may be made at 600 N 2nd St #401, Harrisburg, PA, upon its registered agent, The Corporation Trust Company.

14.     At all times relevant and material, Defendant Intercontinental Hotels Group, Inc. is a Delaware corporation and is registered with the Pennsylvania Secretary of State to conduct business in the Commonwealth of Pennsylvania. Service may be made at 600 N 2nd St #401, Harrisburg, PA, upon its registered agent, The Corporation Trust Company.

15.     At all times relevant and material, Defendant Intercontinental Hotels Group Resources, LLC. is a Delaware limited liability company, with a principal address at 3 Ravinia Dr, Ste 100 Atlanta, Ga 30346 and is registered with the Pennsylvania Secretary of State to conduct business in the Commonwealth of Pennsylvania. Service may be made at 1001 State Street #1400, Erie, PA 16501, upon its registered agent, United Agent Group Inc.

16.     Defendants Intercontinental Hotels Corporation, Intercontinental Hotels group, Inc. and Intercontinental Hotels Group Resources, LLC (hereinafter collectively referred to as "Defendants IHG"), as hotel operators, control the training and policies for its branded properties, including the Holiday Inn Express Harrisburg East-Hershey Area hotel, where Plaintiff was trafficked.

17.     At all times relevant and material, Defendant Divine Management, LLC is a Pennsylvania limited liability company with its principal place of business at 5100 Leeward Rd., Bensalem, PA 1902. Service may be made at its registered office, located at the aforementioned address, upon its officer Jigar Patel.

18.     At all times relevant and material, Defendant Inn of the Dove Harrisburg is a Pennsylvania corporation with its principal place of business at 2225 Kohn Road, Harrisburg, PA 17110. Service may be made at its registered office, located at the aforementioned address, upon its officer Jigar Patel.

19.     Defendants Divine Management, LLC and Inn of the Dove Harrisburg (hereinafter referred to collectively as "Defendant Inn of the Dove") were hotel(s) owner, hotel(s) operator, franchisee, manager, and/or supervisor of the Inn of the Dove Harrisburg-Hershey hotel, located at 2225 Kohn Rd, Harrisburg, PA 17110, during the relevant period, and prior thereto, and as such responsible for the subject hotel(s) during the time period Plaintiff was sex trafficked on said premises.

20.     During the relevant period, Defendant Inn of the Dove was operator of the Inn of the Dove Harrisburg-Hershey hotel.

21.     Defendant Inn of the Dove acted as a Franchisee and not a Franchisor for the Inn of the Dove Harrisburg-Hershey hotel.

22.     At all times relevant and material, Defendants BNG 1 Associates LLC D/B/A Best Western Harrisburg North (hereinafter referred to as "Defendant BNG") is a Pennsylvania Limited Liability Company with its principal place of business at 1425 Stone Ridge Road, Sinking Spring, PA 19608. Service may be made at its registered office, located at the aforementioned address, upon its President Girish C. Sheth.

23.     Defendant BNG was a hotel(s) owner, hotel(s) operator, franchisee, manager, and/or supervisor of the Best Western Harrisburg North hotel, located at 150 Nationwide Drive, Harrisburg, PA 17110, during the relevant period, and prior thereto, and as such responsible for the subject hotel(s) during the time period Plaintiff was sex trafficked on said premises.

24.     During the relevant period, Defendant BNG was operator of the Best Western Harrisburg North hotel.

25.     Defendant BNG acted as a Franchisee and not a Franchisor for the Best Western Harrisburg North hotel.

26.     At all times relevant and material, Defendant Best Western International, Inc. (hereinafter referred to as "Best Western") is an Arizona corporation with its principal place of business at 6201 North 24th Parkway, Phoenix, AZ 85016. Best Western is registered with the Secretary of State to conduct business in the Commonwealth of Pennsylvania. Service may be made at 5235 North Front Street, Harrisburg, PA 17110, upon its registered agent, Prentice-Hall Corporation System, Inc.

27.     Defendant Best Western, as a hotel operator, controls the training and policies for its branded properties, including the Best Western Harrisburg North, where Plaintiff was trafficked.

28.     At all times relevant and material, Defendants BRE Hospitality PA Property Owner LP D/B/A Townplace Suites by Marriott Harrisburg Hershey (hereinafter referred to as "Defendant BRE Hospitality") is a Delaware Limited Partnership with its principal place of business at 1 Hampton Ct., Carlisle, PA 17013-1683. Service may be made at its registered service agent Corporation Service Company, located at 5235 North Front Street, Harrisburg, PA, 17110.

29.     Defendant BRE Hospitality was a hotel(s) owner, hotel(s) operator, franchisee, manager, and/or supervisor of the Townplace Suites by Marriott Harrisburg Hershey hotel, located at 450 Friendship Rd., Harrisburg, PA 17111, during the relevant period, and prior thereto, and as such responsible for the subject hotel(s) during the time period Plaintiff was sex trafficked on said premises.

30.    During the relevant period, Defendant BRE Hospitality was operator of the Townplace Suites by Marriott Harrisburg Hershey hotel.

31.    Defendant BRE Hospitality acted as a Franchisee and not a Franchisor for the Townplace Suites by Marriott Harrisburg Hershey hotel.

32.    At all times relevant and material, Defendant Marriott International Inc. ("Defendant Marriott") is a Delaware corporation. It maintains a registered agent in Pennsylvania. Service may be made at its registered office, located at 5235 North Front Street, Harrisburg, PA 17110, upon its registered agent Corporation Service Company.

33.    Defendant Marriott was a hotel(s) owner, hotel(s) operator, manager, and/or supervisor of the Townplace Suites by Marriott Harrisburg Hershey hotel, located at 450 Friendship Rd., Harrisburg, PA 17111, during the relevant period, and prior thereto, and as such responsible for the subject hotel(s) during the time period Plaintiff was sex trafficked on said premises.

34.    At all times relevant and material, Defendants Chiggy Enterprises, Inc. D/B/A Country Inn & Suites by Radisson Harrisburg-Hershey (hereinafter referred to as "Defendant Chiggy") is a Pennsylvania Corporation with its principal place of business at 300 N Mountain Rd., Harrisburg, PA 17112. Service may be made at its registered office, located at the aforementioned address, upon its President Bhupendra D. Patel.

35.    Defendant Chiggy was a hotel(s) owner, hotel(s) operator, franchisee, manager, and/or supervisor of the Country Inn & Suites by Radisson Harrisburg-Hershey hotel, located at 1025 Peiffers Lane, Progress, PA 17112, during the relevant period, and prior thereto, and as such responsible for the subject hotel(s) during the time period Plaintiff was sex trafficked on said premises.

36.     During the relevant period, Defendant Chiggy was operator of the Country Inn & Suites by Radisson Harrisburg-Hershey hotel.

37.     Defendant Chiggy acted as a Franchisee and not a Franchisor for the Country Inn & Suites by Radisson Harrisburg-Hershey hotel.

38.     Defendant Radisson Hotels Management Company, LLC ("Defendant Radisson Hotels") was a hotel(s) owner, hotel(s) operator, franchisee, manager, and/or supervisor of the Country Inn & Suites by Radisson Harrisburg-Hershey hotel located at 1025 Peiffers Lane, Progress, PA 17112, during the relevant period, and prior thereto, and as such responsible for the subject hotel(s) during the time period Plaintiff was sex trafficked on said premises.

39.     Defendant Radisson Hotels is a New Jersey Limited Liability Company registered to do business in Pennsylvania. Service may be made at its registered office, located at 5235 North Front Street, Harrisburg, PA 17110, upon its registered agent Corporation Service Company.

40.     Defendant Radisson Hospitality, LLC ("Defendant Radisson Hospitality") was a hotel(s) owner, hotel(s) operator, franchisee, manager, and/or supervisor of the Country Inn & Suites by Radisson Harrisburg-Hershey hotel located at 1025 Peiffers Lane, Progress, PA 17112, during the relevant period, and prior thereto, and as such responsible for the subject hotel(s) during the time period Plaintiff was sex trafficked on said premises.

41.     Defendant Radisson Hospitality is a Minnesota Limited Liability Company registered to do business in Pennsylvania. Service may be made at its registered office, located at 5235 North Front Street, Harrisburg, PA 17110, upon its registered agent Corporation Service Company.

## **JURISDICTION AND VENUE**

42.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

43.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Count asserted in this action occurred in the judicial district where this action was brought, and Defendants conduct business within this District pursuant to 28 U.S.C. § 1391(b).

## FACTS

44.    As it pertains to the subject Defendants, Plaintiff was sex trafficked at the aforesaid hotel(s), owned and operated by Defendants, by her trafficker(s) in October 2015 and through and inclusive of January 2016.

45.    Plaintiff was coerced into participating in a sex trafficking venture by her trafficker(s), Tevin Bynoe and Miguel Arnold, through misrepresentations, physical abuse, economic pressure and with the use of drugs and alcohol.

46.    Plaintiff's trafficker(s) rented rooms at the subject hotels to carry on the trafficking of Plaintiff.

47.    Plaintiff was subject to sexual abuse by numerous men and/or women at the subject hotels.

48.    Plaintiff was trafficked in Defendants' hotels, and each Defendant facilitated her trafficking.

49.    Defendants profited from Plaintiff's trafficking by and through Plaintiff's trafficker(s) renting rooms at each of Defendants' hotels.

50.    Sex trafficking occurred at the subject hotel(s), upon information and belief, prior to Plaintiff's trafficking.

51.    Defendant(s) knew or should have known that Plaintiff was a victim of a venture that involved sex trafficking by force, threat of force, fraud, or coercion.

52.    As hotel(s) owner and hotel(s) operator, Defendant(s) controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject property where Plaintiff was sex trafficked.

53.    A significant portion of all sex trafficking in the United States of America occurs within the hospitality industry at hotels and motels.

54.    The hospitality industry is a major life source of the human trafficking epidemic both in the U.S. and abroad.[1] The United Nations,[2] international non-profits,[3] and the U.S. Department of Homeland Security,[4] have documented this well-known epidemic of human trafficking for years and brought particular attention to the indispensable role of hotel(s)s.

---

[1] Giovanna L. C. Cavagnaro, *Sex Trafficking: The Hospitality Industry's Role and Responsibility*, CORNELL UNIVERSITY SCHOOL OF HOTEL(S) ADMINISTRATION (2017), http://scholarship.sha.cornell.edu/honorstheses/3 /.

[2] *Global Report on Trafficking in Persons,* UNITED NATIONS OFFICE ON DRUGS AND CRIME (2020), 84 8available at https://www.unodc.org/documents/data-and-analysis/tip/2021/GLOTiP_2020_15jan_web.pdf /. See also *We must act together to fight exploitation and human trafficking in tourism, say United Nations and international partners,* UNITED NATIONS OFFICE ON DRUGS AND CRIME (April 24, 2012) available at https://www.unodc.org/unodc/en/press releases/2012/April/we-must-act-together-to-fight-exploitation-and-human-trafficking-in-tourism-say-united-nations-and-international-partners.html /.

[3] The Polaris Project and ECPAT-International have published extensive reports and professional toolkits on human trafficking in the hospitality industry for years.

[4] Human Trafficking and the Hospitality Industry, U.S. DEPARTMENT OF HOMELAND SECURITY (2020), available at https://www.dhs.gov/blue-campaign/hospitalityindustry /; Hospitality Toolkit, U.S. DEPARTMENT OF HOMELAND SECURITY (2016), available at https://www.dhs.gov/sites/default/files/publications/blue-campaign/toolkits/hospitality-toolkit-eng.pdf /.

55.    In 2004, End Child Prostitution and Trafficking ("ECPAT-USA") launched the Tourism Child-Protection Code of Conduct (the "Code") in the United States, identifying the steps companies would need to take to prevent child sex trafficking. ECPAT-USA identified hotel-specific best practices for preventing sex trafficking, such as: (1) not renting by the hour; (2) not permitting cash payments; (3) monitoring online sex ads such as Craigslist and Backpage for its hotel(s) name and pictures of the rooms; (4) changing Wi-Fi passwords in rooms and cafes regularly; (5) watching for a trend of visitors to the same room; (6) being aware of rooms with excess condoms, lubricants, and towels; (7) requiring all visitors to be logged, including guest name, visitor name, arrival time, departure time, and room number.

56.    Further, nationwide campaigns have recognized the issue of human trafficking in the hotel(s) industry and the lack of internal policies to address the issue and took initiative as early as 1997 with the United Nations Blue Heart Campaign[5] and domestically in 2010 with the Department of Homeland Security's Blue Campaign.[6]

57.    These efforts sought to educate both the public and private sectors on identifying and combatting human trafficking, including the hospitality industry and both campaigns released free online resources and toolkits publicly accessible to any entity concerned with human trafficking.

58.    The passage of the TVPA in 2000 and the passage of the TVPRA in 2008 as well as numerous other legislative initiatives, put the Defendant(s) on notice of the high likelihood of

---

[5] *The Blue Heart Campaign,* UNITED NATIONS (2022), https://www.unodc.org/blueheart/#:~:text=The%20Blue%20Heart%20Campaign,help%20prevent%20this%20heinous%20crime /.

[6] *DHS Blue Campaign Five Year Milestone*, DEP'T OF HOMELAND SECURITY (Jul. 22, 2015), https://www.dhs.gov/blog/2015/07/22/dhs-blue-campaign-five-year-milestone /.

these illegal acts occurring on the subject hotel(s) premises which, at a minimum, warranted them to be more vigilant and proactive in preventing this conduct.

59.    Years before Plaintiff was trafficked, Defendant(s) knew or should have known of the critical role that the hotel industry plays in enabling the sex trade industry and of the widespread national epidemic of hotel/motel sex trafficking.

60.    By 2012, training guides and videos were available through the American Hotel Lodging Association (AHLA) and ECPAT-USA and via other resources.

61.    Before and during the relevant period, Defendant(s) failed to implement sufficient educational and training programs on sex trafficking within its business chain of command, as well as failed to implement policies for preventing, identifying, reporting, documenting, investigating, and stopping sex trafficking at the subject hotel(s).

62.    Due to the involvement and affirmative actions of Defendant(s) (as owner and operator, and by its staff and employees while acting within the scope of their employment), in associating with, facilitating and enabling the undertaking of the sex trafficking of Plaintiff by her trafficker(s) on Defendant(s)'s premises in violation of the TVPRA, including, but not confined to, by:

  a.  Defendant(s) repeatedly rented rooms to Plaintiff's trafficker(s) when Defendant(s) knew or should have known said trafficker(s) was engaged in sex trafficking on Defendant(s)'s premises including as to Plaintiff in violation of the TVPRA;

  b.  Defendant(s) associating with Plaintiff's trafficker(s) in an effort to force her to serve their business objective;

  c.  Defendant(s) allowing commercial dealings with the aforesaid trafficker(s) (e.g., in the form of room rentals) to continue on the subject premises and to be reinstated for a profit motive;

  d.  Defendant(s)'s staff and employees acting as lookouts and informants, during the scope of their employment, for the benefit of the trafficker(s) so as to alert the

aforesaid trafficker(s) of police activity or similar type warning alerts, or otherwise failing to respond to clear signs of trafficking;

e.  Defendant(s) actively advancing the sex trafficking operation of Plaintiff's trafficker(s) by knowingly facilitating and negligently facilitating the venture's activities, i.e., the sex trafficking of Plaintiff; and,

f.  Defendant(s) were otherwise being actively involved and affirmatively enabling Plaintiff's trafficker(s) and facilitating the venture's success, Plaintiff was caused to be sex trafficked by her trafficker(s) on Defendant(s)'s premises in violation of the TVPRA.

63.     Before and during the relevant period, Defendant(s) failed to implement sufficient educational and training programs on sex trafficking within its business chain of command, as well as failed to implement policies for preventing, identifying, reporting, documenting, investigating, and stopping sex trafficking at the subject hotel(s).

64.     Defendant(s) failed to act upon the obvious and overt signs alerting them to the sex trafficking taking place at this subject hotel(s) including as to Plaintiff herein and in violation of the TVPRA.

65.     Had the Defendant(s) timely and properly implemented policies and procedures common and reasonably accepted in the hospitality industry concerning anti-trafficking, safety and security it is more likely than not that the injuries suffered by the Plaintiff at the subject hotel(s) would have been prevented or mitigated.

66.     Due to the failure of Defendant(s) to timely and properly implement anti-trafficking policies and practices, Plaintiff was repeatedly victimized and trafficked for sex on Defendant(s)'s premises in violation of the TVPRA.

67.     Defendant(s) by its passive or active involvement and affirmative enabling of the subject trafficking was a proximate and competent cause and substantial factor in causing

Plaintiff's severe injuries in this case including, but not limited to, her being the victim of sex trafficking, which has caused Plaintiff severe injury.

68. Because of the foregoing conduct of Defendant(s), the Plaintiff suffered severe and permanent injuries and damages, as outlined herein.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")

69. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 as against the above-captioned Defendant(s).

70. At all relevant times, Plaintiff was involved in the staffing and operation of the subject hotel(s) where Plaintiff was trafficked for sex.

71. Plaintiff is a "victim" of sex trafficking as protected under applicable provisions of the TVPRA.

72. As it pertains to this Plaintiff, Plaintiff was sex trafficked at the subject hotel(s) hotel(s) owned and operated by Defendant(s).

73. Section 1591 of the TVPRA criminalizes sex trafficking of adults by force, fraud or coercion. See 18 U.S.C. § 1591.

74. Separately, § 1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the traffickers or the beneficiaries of the sex trafficking. See 18 U.S.C. §1595(a).

75. More specifically, § 1595 provides for three distinct causes of action: (1) a claim against the trafficker(s) who directly violated § 1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker(s) who directly violated §1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil Defendant(s) who did not violate § 1591, but who "knowingly

benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil Defendant(s).

76.    In order to induce Plaintiff by force, fraud and coercion to engage in sex with sex buyers at the subject hotel(s), trafficker(s) used various means to do so including but not limited to (a) trafficker(s) utilizing physical and verbal abuse on and as to Plaintiff and at times in plain sight and earshot of Defendant(s)'s staff; (b) trafficker(s) instilled in Plaintiff the fear of severe bodily injury and/or fear of death if trafficker(s)'s directives were not complied with; (c) psychological coercion; (d) withholding Plaintiff's identifying document(s); and (e) other means of force, fraud and coercion used by the trafficker(s) of Plaintiff to induce sex with sex buyers at the subject hotel(s).

77.    Defendant(s) knowingly benefited from the sex trafficking of Plaintiff at the subject hotel(s) by receiving payment for the room(s) rented by her trafficker(s) (or at the direction of her trafficker(s)) that were used for sex trafficking, including as to the Plaintiff, in violation of the TVPRA.

78.    Defendant(s) rented room(s) to individuals it knew or should have known were engaged in the sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

79.    The rental of a hotel(s) room constitutes a financial benefit from a relationship with the trafficker(s) sufficient to meet "financially benefitted" element of the §1595(a) standard.

80.    Plaintiff's trafficker(s) took proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for room(s) rented at the subject hotel(s) during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

81.    In addition, Defendant(s) received other financial benefit including, but not limited to, from Wi-Fi which, in part, enabled the subject sex trafficking to occur (as Plaintiff was advertised by her trafficker(s) online) and from such Wi-Fi service Defendant(s), upon information and belief, received financial benefit.

82.    Defendant(s) participated in a venture by operating the subject hotel(s) that rented rooms to individuals that Defendant(s), knew or should have known were involved in sex-trafficking, including as to the Plaintiff herein, in violation of the TVPRA.

83.    During the time Plaintiff was trafficked at the subject hotel(s), Plaintiff's trafficker(s) had direct interaction with employee(s) and staff of Defendant(s) by means of paying, befriending, and/or compensating employee(s) and staff member(s) of said Defendant(s) to act as lookout(s)/informant(s) for Plaintiff's trafficker(s), while acting in their scope of employment, so as to inform the trafficker(s) of police activity or other similar type alerts.

84.    In this case, during the relevant period alleged herein, Defendant(s) took part in a common undertaking or enterprise involving risk and potential profit with Plaintiff's trafficker(s) that violated the TVPRA.

85.    Operating a hotel(s) and renting out rooms is an enterprise involving risk and potential profit.

86.    Defendant(s) operating the subject hotel(s) and renting out rooms to Plaintiff's trafficker(s) was an enterprise involving risk and potential profit.

87.    Defendant(s) operating the subject hotel(s) and renting out rooms to Plaintiff's trafficker(s) was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

88.    By renting rooms to Plaintiff's trafficker(s) Defendant(s), the hotel(s) owner and

operator, was associating with Plaintiff's trafficker(s) in an effort to force Plaintiff to serve their business objective.

89.     The modus operandi of the trafficker(s) was to renew the room(s) rental daily.

90.     A continuous business relationship existed between the subject hotel(s), its agents, employees and staff, and Plaintiff's trafficker(s), in part, in that the hotel(s) repeatedly rented rooms, and/or repeatedly renewed room rentals, to individual(s) they knew or should have known were involved in sex trafficking on the premises, including as to the Plaintiff.

91.      Plaintiff's trafficker(s) had prior commercial dealings with the subject hotel(s) which the trafficker(s) and Defendant(s) wished to reinstate for profit when Plaintiff's trafficker(s) repeatedly rented rooms and/or repeatedly renewed room rentals that were used for trafficking of victims including Plaintiff.

92.     This Defendant(s) had constructive and actual knowledge that the undertaking or enterprise violated the TVPRA as to the Plaintiff.

93.     Defendant(s) knew or should have known about the nature of the sex trafficking occurring at the subject hotel(s), including as they related to Plaintiff, a victim,  due to the many red flags then and there existing, including but not limited to:

> (a) constant foot traffic of sex buyers to the trafficker(s)'s rented room(s) to have sex with trafficked victim(s);
> (b) trafficked victim(s) would walk around hotel(s) grounds drug and/or alcohol impaired, sleep deprived, hygiene impaired, behavior impaired, with visible bruising, malnourished, and in sexually explicit clothing;
> (c) suspicious individuals loitering outside the hotel(s) room(s) when a sex buyer would enter a room(s);
>  (d)  inside the hotel(s) room(s) rented by the trafficker(s) (or at the direction of the trafficker(s)) there was a suspicious bunch of people and suspicious items including cash, drugs, drug paraphernalia, condoms, lubricants which was observed by housekeeping staff and in plain sight of housekeeping staff;
> (e) trafficker(s) monitoring hotel(s) hallway, door of room(s) and walking hotel(s) perimeter;
> (f) trafficker(s) shadowing Plaintiff (or having another shadow Plaintiff) in plain sight of

hotel(s) staff;

(g) Plaintiff soliciting for sex buyers on the hotel(s) premises at the direction of her trafficker(s),

(h) Plaintiff's room exhibited signs of commercial sex work,

(i) loud noise and yelling emanating from room where sex trafficking of Plaintiff was occurring

(j) trafficker(s) utilizing physical and verbal abuse on and as to Plaintiff and at times in plain sight and earshot of Defendant(s)'s staff

(k) overt evidence that Plaintiff was being induced by force, fraud and coercion to have sex with sex buyers on the subject premises [e.g. (1) visible bruising (2) overt physical deterioration of Plaintiff, (3) physical and/or verbal abuse occurring in common areas of the subject hotel(s) in view and/or earshot of staff of Defendant(s), (4) trafficker(s) overtly asserting control over Plaintiff in common areas of the hotel(s) in view and/or earshot of staff of Defendant(s) (5) intermittent screaming from room(s) where trafficking of Plaintiff occurred sufficiently loud to be heard by staff outside the room

and (l) other commonly known sex trafficking red flags which the above captioned Defendant(s) knew or should have known of had anti-trafficking measures been timely and properly implemented at the hotel(s).

94.    Defendant(s)'s staff witnessed and observed signs and indicators of sex trafficking including items set forth in the paragraph above.

95.    When being trafficked at the subject hotel(s), Plaintiff interacted with Defendant(s)'s staff, and Defendant(s)'s staff witnessed and observed Plaintiff, trafficker(s) as well as a frequent procession of sex buyers going in and out of the subject rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the subject premises.

96.    Plaintiff knows that individuals that witnessed and observed red flags indicative for suspicion for sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual and/or by means of the staff wardrobe/nametag/hotel(s) logo and/or by means of a staff member being in an employee restricted area.

97.    Defendant(s) was involved and affirmatively took actions as the hotel(s) owner and operator on Defendant(s)'s subject premises during the relevant time period to advance the objective of this undertaking by (a) Defendant(s) repeatedly renting rooms to Plaintiff's

trafficker(s) when Defendant(s) knew or should have known said trafficker(s) was engaged in sex trafficking on Defendant(s)'s premises including as to Plaintiff in violation of the TVPRA, (b) Defendant(s) associating with Plaintiff's trafficker(s) in an effort to force her to serve their business objective, (c) Defendant(s) allowing commercial dealings with the aforesaid trafficker(s) to continue on the subject premises and to be reinstated for a profit motive, (d) staff and employees of Defendant(s) acting as lookouts and informants, while in the scope of their employment, for the benefit of the trafficker(s) so as to alert the aforesaid trafficker(s) of police activity or similar type warning alerts, (e) Defendant(s) knowingly facilitating and/or negligently facilitating the trafficker(s)'s activities, i.e., the sex trafficking of Plaintiff, and (f) in otherwise being actively involved and affirmatively enabling Plaintiff's trafficker(s) and facilitating their venture's success.

98.    Defendant(s)'s failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at this subject hotel(s) and suffering personal injury and the trauma physically and mentally of being induced to engage in commercial sex with multiple sex buyers per day,  while being trafficked, and while simultaneously being under fear of severe harm or death if she did not comply as well as all residual injuries.

99.    This Defendant(s), during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to, (1) guest visibly under the influence of drugs or alcohol, (2) guest creating a nuisance to the public; (3) guest believed to use a hotel(s) room for unlawful purposes, (4) guest uses hotel(s) amenities and premises for unlawful acts, (5) guest brings in extra unregistered guests, (6) guests behavior reasonably

disturbs other guests (7) guest violates other rules set by the hotel(s) and (8) for other indicated reasons.

100.    Plaintiff being sex trafficked at this subject hotel(s) was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries including but not limited to personal injuries including the horror of being a victim of sex trafficking as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked.

101.    As a direct and proximate result of Defendant(s)'s involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel(s) property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant(s)'s hotel(s) in violation of the TVPRA.

102.    Because of being sex trafficked at the subject hotel(s), Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, psychological injuries as the result of being trafficked and sexually exploited at the subject hotel(s) in violation of 18 U.S.C. §1591.

## COUNT II
## NEGLIGENCE, GROSS NEGLIGENCE, AND RECKLESSNESS

103.    Plaintiff incorporate the foregoing paragraphs as though fully set forth herein.

104.    At all times relevant, Defendant(s) owed a duty to protect Plaintiff from harm while in the care of Defendant(s) and/or Defendant(s)'s agents.

105.    Defendant(s) violated its duty, and was negligent, careless, grossly negligent, and/or reckless as follows:

    a.    By failing to establish adequate sex trafficking prevention policies, procedures, and practices;

    b.    By failing to make mandatory and adhere (and ensure adherence) to such

policies, procedures, and practices;

   c.    By failing to retain, hire, train, and supervise agents/employees with regard to the prevention of sex trafficking;

   d.    By failing to adequately monitor and supervise the premises and/or Trafficker(s) and Plaintiff;

   e.    By failing to know and react to the risks of sexual trafficking inherent in its activities;

   f.    By failing to require sex trafficking training;

   g.    By failing to recognize the signs that Trafficker(s) was a sex trafficker or that Plaintiff were being sex trafficked;

   h.    By failing to report Trafficker(s) to the appropriate authorities; and,

   i.    By violating the duties imposed upon them pursuant to the Restatement of Torts, Second, §§ 314A, 315, 317, 323, 324A, 343, 344, & 371.

106.    As a direct and proximate cause of Defendant(s)'s actions and omissions, and breach of the duties of reasonable care, Plaintiff were injured, resulting in damages.

## JURY TRIAL DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant(s) as identified in the above-referenced Count and as follows:

   a)  All available compensatory damages for the described losses with respect to the above cause of action;

   b)  Past and future emotional distress;

   c)  Consequential and/or special damages;

   d)  All available noneconomic damages, including without limitation pain, suffering, and loss of enjoyment of life;

   e)  Disgorgement of profits obtained through unjust enrichment;

   f)  Restitution;

   g)  All damages allowable under the TVPRA;

   h)  Reasonable and recoverable attorney's fees;

   i)  Punitive damages with respect to each cause of action;

   j)  Costs of this action; and

   k)  Pre-judgement and all other interest recoverable

### *REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*

Respectfully Submitted,

DATE: November 10, 2025

*/s/ Nathaniel L. Foote*
Nathaniel L. Foote, Esq.
PA Bar No. 318998 teamd@vca.law
J. Alexander Marcinko, Esq.
PA Bar No. 314257
Ashley Ventrillo, Esq.
(Pro Hac Pending)
Andreozzi + Foote
4503 North Front Street
Harrisburg, PA 17110
(t) (717) 525-9124 |(f) (717) 525-9143

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The below individual with the firm of Andreozzi + Foote, hereby certifies that I served a copy of the foregoing document(s) upon the individuals at the addresses and in the manner below.

Date: **11/10/2025**                                        */s/ Taras*