IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.J.,<br><br>Plaintiff,<br><br>vs.<br><br>HARRISBURG HERSHEY HOSPITALITY, LLC D/B/A HOLIDAY INN EXPRESS HARRISBURG EAST-HERSHEY AREA BY IHG, ET AL.,<br><br>Defendants. | CIVIL ACTION NO: 1:25-cv-02123<br>(Judge Kane) |

**PLAINTIFF S.J.'S BRIEF IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANT BNG 1 ASSOCIATES LLC D/B/A CLARION INN & SUITES HARRISBURG**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. PROCEDURAL HISTORY .......... 2

III. COUNTER STATEMENT OF FACTS .......... 2

IV. COUNTER STATEMENT OF QUESTIONS INVOLVED .......... 4

V. LEGAL STANDARD .......... 4

VI. ARGUMENT .......... 5

A. The FAC Is Not a Shotgun Pleading; It Gives BNG1 Fair Notice of the Claim Against It. .......... 5

B. The FAC States a Beneficiary Claim Against BNG1 Under § 1595(a). .......... 8

1. Courts in this Circuit apply the three-element framework of A.B. v. Marriott, not the Eleventh Circuit's test. .......... 8

2. BNG1 knowingly benefited from the room rentals. .......... 10

3. The FAC alleges BNG1's participation in a venture, including the "something more" BNG1 says is missing. .......... 10

4. The FAC plausibly alleges that BNG1 knew or should have known of the venture. .......... 13

C. The TVPRA Claim Is Timely. .......... 16

D. Plaintiff Does Not Oppose Dismissal of Count II as to BNG1, Without Prejudice. .......... 18

E. Alternatively, Plaintiff Should Be Granted Leave to Amend. .......... 20

VII. CONCLUSION .......... 20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171 (E.D. Pa. 2020) ..................7, 9, 13

*A.B. v. Wyndham Hotel & Resorts, Inc.*, No. 3:24-cv-01588, 2025 U.S. Dist. LEXIS 131656 (M.D. Pa. July 11, 2025) ........................................9, 10, 11, 15

*A.G. v. Northbrook Indus.*, 171 F.4th 1257 (11th Cir. 2026) ..........................passim

*Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004) ....................................................20

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).................................................................. 5

*Bartol v. Barrowclough*, 251 F. Supp. 3d 855 (E.D. Pa. 2017)............................... 6

*BBL, Inc. v. City of Angola*, 809 F.3d 317 (7th Cir. 2015)...................................17

*Burrell v. Staff*, 60 F.4th 25 (3d Cir. 2023)...................................................10, 15

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016)................................ 5

*Cowell v. Palmer Twp.*, 263 F.3d 286 (3d Cir. 2001) ..........................................17

*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021)...............8, 10, 12, 13

*Doe (A.S.F.) v. Wyndham Hotels & Resorts, Inc.*, No. 25-cv-1550, 2025 U.S. Dist. LEXIS 266779 (D.N.J. Dec. 24, 2025) ....................................................18

*Doe (C.T.K.) v. Choice Hotels Int'l, Inc.*, No. 25-C-1274, 2026 U.S. Dist. LEXIS 5045 (E.D. Wis. Jan. 12, 2026) .........................................................15

*Doe 1 v. Apple Inc.*, 96 F.4th 403 (D.C. Cir. 2024) ..............................................13

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) .................................... 5

*G.G. v. Salesforce.com, Inc.*, 76 F.4th 544 (7th Cir. 2023).................................14

*Garrett v. Wexford Health*, 938 F.3d 69 (3d Cir. 2019)......................................... 6

*Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472 (3d Cir. 2014)......................17

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) .......................5, 8, 20

*R.K. v. Choice Hotels Int'l, Inc.*, No. 25-1661, 2025 U.S. Dist. LEXIS 202908 (E.D. Pa. Oct. 14, 2025) ...........................................................passim

*R.Z. v. RK Hospitality, LLC*, No. 25-cv-2568, 2026 U.S. Dist. LEXIS 181472 (D. Colo. Aug. 13, 2026)...........................................................................18

*Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017) ................................................11

*Robinson v. Johnson*, 313 F.3d 128 (3d Cir. 2002)....................16
*Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014)....................16
*Wisniewski v. Fisher*, 857 F.3d 152 (3d Cir. 2017)....................16, 17

**Statutes**

18 U.S.C. § 1591....................4
18 U.S.C. § 1595....................passim
N.J. Stat. Ann. § 2A:14-2b....................19
N.Y. C.P.L.R. 214-j....................18

**Rules**

Fed. R. Civ. P. 12(b)(6)....................4, 16, 17, 20
Fed. R. Civ. P. 8....................1, 4, 5, 6

**Legislative Materials**

H.B. 462 & H.B. 464, 2025-2026 Reg. Sess. (Pa. 2025)....................19

**Other Authorities**

Elizabeth Hardison and Stephen Caruso, *Top Pa. Election Official Boockvar to Step Down After Error Delays Sex Abuse Reform*, Pa. Capital-Star (Feb. 1, 2021)....................19

## I. INTRODUCTION

Defendant BNG 1 Associates LLC d/b/a Clarion Inn & Suites Harrisburg ("BNG1") owned and operated one of the Harrisburg hotels where Plaintiff S.J.'s traffickers, renewing their rooms daily, sold her for sex during a trafficking campaign that ran from October 2015 through January 2016. BNG1 asks the Court to dismiss the Trafficking Victims Protection Reauthorization Act ("TVPRA") claim against it with prejudice. The motion should be denied as to Count I.

First, the First Amended Complaint is not a shotgun pleading. Doc. 28 ("FAC"). It identifies BNG1, the hotel it operated, its role, the period of the trafficking, and the traffickers by name, and it alleges that each hotel operator's staff observed and assisted the trafficking at that operator's hotel. Rule 8 requires notice, and BNG1 has it. Second, the FAC states a beneficiary claim under 18 U.S.C. § 1595(a) under the framework that courts in this Circuit, including this Court, apply. BNG1 builds its argument on Eleventh Circuit law, but even its lead case recognizes that hotel staff who give traffickers personal assistance supply the "something more" that participation requires, and that case squarely rejects BNG1's contention that it had to know of S.J. in particular. Third, the TVPRA claim is timely: BNG1's limitations argument reaches only conduct before November 10, 2015, and the FAC alleges trafficking at the subject hotels through

January 2016. Finally, Plaintiff does not oppose dismissal of Count II as to BNG1, without prejudice.

## II. PROCEDURAL HISTORY

Plaintiff filed this action on November 10, 2025. (ECF No. 1.) With leave of Court (ECF No. 27), she filed the FAC on March 19, 2026. (ECF No. 28.) The FAC asserts a claim under 18 U.S.C. § 1595(a) (Count I) and a state-law negligence claim (Count II) against the owners, operators, and franchisors of five Harrisburg-area hotels. BNG1 moved to dismiss on October 9, 2026 (ECF No. 69) and filed its brief in support on October 23, 2026. (ECF No. 71 ("BNG1 Br.").) Plaintiff files this brief in opposition under Local Rule 7.6.

## III. COUNTER STATEMENT OF FACTS

The following facts are drawn from the FAC and are accepted as true for purposes of this motion.[1]

BNG1 is a Pennsylvania limited liability company. FAC ¶ 6 (ECF No. 28 at 5-6). During the relevant period, BNG1 was the owner, operator, and franchisee of the Clarion Inn & Suites Harrisburg, 150 Nationwide Drive, Harrisburg, Pennsylvania (the "Clarion"), and was responsible for that hotel while Plaintiff was trafficked there. *Id.* ¶¶ 7-9 (ECF No. 28 at 6).

---

[1] The paragraph numbering in the FAC as filed restarts and repeats in places (for example, the numbering restarts at "0" on page 5). To avoid ambiguity, Plaintiff cites each paragraph together with its ECF page number.

Plaintiff's two traffickers, whom she names in the FAC, coerced her into commercial sex through misrepresentations, physical abuse, economic pressure, and drugs and alcohol. FAC ¶ 30 (ECF No. 28 at 9). From October 2015 through and including January 2016, they trafficked her at the defendants' hotels, including the Clarion, renting rooms there as the venue for this violent crime. *Id.* ¶¶ 29, 31 (ECF No. 28 at 9). Their "modus operandi" was "to renew the room(s) rental daily." *Id.* ¶ 66 (ECF No. 28 at 17). The traffickers used proceeds of the trafficking to pay for the rooms. *Id.* ¶ 56 (ECF No. 28 at 15-16). They physically and verbally abused Plaintiff, "at times in plain sight and earshot of Defendant(s)'s staff," and withheld her identification documents. *Id.* ¶ 52 (ECF No. 28 at 15).

The FAC alleges that each hotel's staff witnessed the signs of Plaintiff's trafficking at that hotel: a constant procession of sex buyers to the traffickers' rooms; Plaintiff walking the grounds impaired, malnourished, and visibly bruised; physical and verbal abuse in common areas in view or earshot of staff; the traffickers overtly controlling and shadowing Plaintiff in plain sight of staff; screaming from the rooms loud enough to be heard outside; and housekeeping staff seeing drugs, paraphernalia, cash, condoms, and lubricants in the rooms. *Id.* ¶ 70 (ECF No. 28 at 17-18); *id.* ¶¶ 92-93 (ECF No. 28 at 18). Plaintiff interacted with the staff and could identify them by name tags, uniforms, hotel logos, and their presence in employee-only areas. *Id.* ¶¶ 93-94 (ECF No. 28 at 18). Each hotel

could have refused or ejected the traffickers for these reasons. *Id.* ¶ 97 (ECF No. 28 at 19-20).

The traffickers had prior commercial dealings with the hotels, which the traffickers and the hotels "wished to reinstate for profit," and a continuous business relationship existed through repeated rentals and renewals. *Id.* ¶¶ 67-68 (ECF No. 28 at 17). The traffickers also paid, befriended, or compensated hotel employees to act as lookouts and informants, within the scope of their employment, to warn them of police activity. *Id.* ¶ 59 (ECF No. 28 at 16); *see also id.* ¶ 95 (ECF No. 28 at 18-19). Each hotel profited from the room rentals. *Id.* ¶¶ 34, 53 (ECF No. 28 at 10, 15).

## IV. COUNTER STATEMENT OF QUESTIONS INVOLVED

1. Does the FAC give BNG1 fair notice of the claims against it under Rule 8? *Yes.*

2. Does the FAC plausibly allege that BNG1 knowingly benefited from participation in a venture that it knew or should have known engaged in a violation of 18 U.S.C. § 1591? *Yes.*

3. Is the TVPRA claim timely on the face of the FAC? *Yes.*

4. Should any dismissal of Count II as to BNG1 be without prejudice? *Yes.*

## V. LEGAL STANDARD

To survive a motion under Rule 12(b)(6), a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Third Circuit applies a three-step analysis: the court notes the elements of the claim, sets aside conclusions, and then assumes the veracity of well-pleaded facts and asks whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). "[D]etailed pleading is not generally required." *Id.* at 786. Plausibility "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements, and "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. County of Allegheny*, 515 F.3d 224, 231, 234 (3d Cir. 2008) (internal quotation omitted). A complaint need not be "as rich with detail as some might prefer"; it "need only set forth sufficient facts to support plausible claims." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211-12 (3d Cir. 2009).

## VI. ARGUMENT

### A. The FAC Is Not a Shotgun Pleading; It Gives BNG1 Fair Notice of the Claim Against It.

BNG1 argues that the FAC treats all defendants as interchangeable and fails to identify anything BNG1 or its employees did, so BNG1 lacks notice of what it must defend. BNG1 Br. 4-5. That argument misstates both the governing standard and the FAC. Rule 8 requires fair notice, not defendant-by-defendant evidentiary

detail, and the FAC ties BNG1 to its own hotel, its own staff, the period of the trafficking, the named traffickers, and what they did there.

Rule 8 imposes "minimal burdens on the plaintiff at the pleading stage." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quotation omitted). The question is whether, liberally construed, the pleading "identifies discrete defendants and the actions taken by these defendants" with respect to the claims. *Id.* at 93 (quotation omitted). BNG1's own authority confirms that the "unifying characteristic" of shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) (quotation omitted). *Bartol* involved a sprawling civil-rights complaint, and even there the court allowed the plaintiff to amend.[2] It does not support dismissal with prejudice here.

The FAC passes this test. It names BNG1, identifies the Clarion by name and street address, and alleges that BNG1 owned and operated that hotel and was responsible for it while Plaintiff was trafficked there. FAC ¶¶ 6-9 (ECF No. 28 at 5-6). It identifies the traffickers by name and the period of the trafficking. *Id.* ¶¶ 29-31 (ECF No. 28 at 9). The FAC then alleges, as to each hotel operator, what

[2] Plaintiff respectfully notes that her prior briefs incorrectly stated that the *Bartol* court denied the motion to dismiss. Doc. 48 at 3-4, 49 at 3-4, 61 at 3-4, 62 at 4. *Bartol* granted the defendant's motion to dismiss, but allowed the plaintiff leave to amend. 251 F. Supp. 3d at 861.

that operator's own staff saw and did at that operator's own hotel: they observed the procession of buyers, the bruising, the abuse, and the drugs and condoms in the rooms; they rented and renewed the rooms daily; and they were befriended, paid, or compensated to serve as lookouts. *Id.* ¶¶ 59, 66-70, 92-95 (ECF No. 28 at 16-19). The FAC's use of "Defendant(s)" in these paragraphs is shorthand for each operator at its own property ("its subject property," *id.* ¶ 37 (ECF No. 28 at 10)), not a failure to distinguish. The FAC pleads the same pattern of conduct at each hotel, but it pleads that pattern as to each operator at its own property. In rejecting a similar objection, Judge Kearney held that a hotel trafficking complaint was not a shotgun pleading where, despite general allegations about the hospitality industry, it set out the allegations specific to the plaintiff's trafficking at the defendant's hotels. *A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 194 (E.D. Pa. 2020). And another court in this Circuit held that a TVPRA complaint's interchangeable use of "Defendant" and "Defendants" did not make it "indecipherable," though it "could in aspects be clearer," and that such inconsistencies were "not, at this stage, fatal." *R.K. v. Choice Hotels Int'l, Inc.*, No. 25-1661, U.S. Dist. LEXIS 202908, at *7, n. 3 (E.D. Pa. Oct. 14, 2025).

The items BNG1 says are missing (how often Plaintiff was at the Clarion, which employee observed what, and exactly what each did) are matters of proof. BNG1 Br. 5, 9. BNG1 holds its own registration, payment, and staffing records for

the Clarion, and those are what discovery is for. *See Phillips*, 515 F.3d at 234. Indeed, BNG1 understood the claim well enough to brief participation, knowledge, and limitations on the merits. If the Court concludes that more hotel-specific detail is required, the remedy is leave to amend, not dismissal with prejudice. *See* Part VI.E, *infra*.

### B. The FAC States a Beneficiary Claim Against BNG1 Under § 1595(a).

BNG1 contends that renting rooms is not "participation in a venture" and that the FAC fails to allege BNG1 knew Plaintiff in particular was being trafficked. BNG1 Br. 2, 5-10. Both arguments rest on Eleventh Circuit law that does not govern here, and both arguments ignore the FAC's allegations. *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021); *A.G. v. Northbrook Indus.*, 171 F.4th 1257 (11th Cir. 2026). Under the framework that district courts in this Circuit apply, the FAC pleads each element, and its allegations of staff assistance would satisfy even BNG1's preferred authority.

#### *1. Courts in this Circuit apply the three-element framework of A.B. v. Marriott,* **not the Eleventh Circuit's test.**

BNG1 tells the Court that it "must determine what constitutes 'participation in a venture'" and offers two Eleventh Circuit decisions as "instructive." BNG1 Br. 5-6. But this Court need not borrow another circuit's test. Section 1595(a) provides a civil remedy against "whoever knowingly benefits, or attempts or conspires to

benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a). Applying that text, courts in this Circuit require a plaintiff to allege that the defendant "(1) 'knowingly benefit[ted] financially or [received] anything of value'; (2) from participation in a venture; (3) it 'knew or should have known has engaged in' sex trafficking [as defined by the TVPRA]." *A.B. v. Wyndham Hotel & Resorts, Inc.*, No. 3:24-cv-01588, 2025 U.S. Dist. LEXIS 131656, at *8 (M.D. Pa. July 11, 2025) (Mehalchick, J.) (citing *A.B. v. Marriott Int'l, Inc.*, 455 F. Supp. 3d 171, 189 (E.D. Pa. 2020)). Under that framework, "'participation [in a venture]' under section 1595 does not require actual knowledge of participation in sex trafficking itself." *Id.* at *8 (quoting *A.B.*, 455 F. Supp. 3d at 185). Judge Mehalchick considered a contrary standard applied by the Northern District of Georgia and declined to adopt it, in part because the parties relied on the Eastern District of Pennsylvania standard and in part because the Georgia standard appears to require a civil plaintiff to prove the criminal offense even though § 1595 reaches a defendant who "should have known" of the venture. *Id.* at *8 n.1. Judge Pappert likewise applied these elements and declined to follow the Eleventh Circuit's requirement of victim-specific knowledge. *R.K.*, 2025 U.S. Dist. LEXIS 202908, at *8-9.

The Third Circuit has not addressed § 1595 in a hotel case, but its precedential decision applying the beneficiary provision in a forced-labor case is consistent with this framework. In *Burrell v. Staff*, 60 F.4th 25, 40 (3d Cir. 2023), the court held that plaintiffs plausibly alleged that two entities, "as parties to the contract, knowingly benefited from its provisions," and plausibly alleged knowledge through "extremely poor working conditions and direct on-site supervision by County and Corporation employees." *Id.* at 40. The Eleventh Circuit's decisions Defendant cites are persuasive authority at most, and as shown below they do not help BNG1 on these allegations. *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021); *A.G. v. Northbrook Indus.*, 171 F.4th 1257 (11th Cir. 2026).

***2. BNG1 knowingly benefited from the room rentals.***

BNG1 does not dispute the first element. The FAC alleges that BNG1 received payment for the rooms the traffickers rented, paid with trafficking proceeds, along with other revenue. FAC ¶¶ 34, 53, 56-57 (ECF No. 28 at 10, 15-16). Room revenue satisfies this element. *A.B. v. Wyndham*, 2025 U.S. Dist. LEXIS 131656, at *8-9; *R.K.*, 2025 U.S. Dist. LEXIS 202908, at *9-10.

***3. The FAC alleges BNG1's participation in a venture, including the "something more" BNG1 says is missing.***

BNG1 argues that the FAC alleges, at most, that it profited from renting a room, which *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021), and

*A.G. v. Northbrook Indus.*, 171 F. 4th 1257 (11th Cir. 2026), hold is not participation. BNG1 Br. 6-9. The argument fails because the FAC alleges a repeated, profit-driven rental relationship with the traffickers and, beyond that, staff assistance that goes well beyond an arm's-length rental.

District courts in this Circuit have found the participation element satisfied where the hotel regularly rented rooms to the plaintiff's trafficker and the defendant knew or should have known of the trafficking. *A.B. v. Wyndham*, 2025 U.S. Dist. LEXIS 131656, at *8-10; *see R.K.*, 2025 U.S. Dist. LEXIS 202908, at *12-15 (noting, in response to the argument that a plaintiff must allege "something more than . . . an ordinary buyer-seller transaction," that "[s]everal courts say otherwise," and finding in any event that the plaintiff alleged more than arm's-length dealings). The FAC alleges that relationship. The traffickers' practice was to renew their rooms daily throughout the October 2015 to January 2016 period. FAC ¶¶ 29, 66 (ECF No. 28 at 9, 17). They had prior commercial dealings with the hotels, which the traffickers and the hotels "wished to reinstate for profit." *Id.* ¶ 68 (ECF No. 28 at 17); *cf. Ricchio v. McLean*, 853 F.3d 553, 555-56 (1st Cir. 2017) (venture plausibly alleged against motel operators who had prior commercial dealings with the trafficker that the parties wished to reinstate for profit, and who ignored the victim's obvious abuse). And the hotels kept renting despite open signs of abuse and their power to refuse or eject. FAC ¶¶ 70, 97 (ECF No. 28 at 17-20).

The FAC also alleges more than a rental relationship. The traffickers paid, befriended, or compensated hotel employees to act as lookouts and informants, within the scope of their employment, to warn the traffickers of police activity. *Id.* ¶¶ 59, 95 (ECF No. 28 at 16, 18-19). Staff who are paid by traffickers to protect their operation from the police are not engaged in an ordinary buyer-seller transaction. They are sharing in the venture's profits and its risks. BNG1 does not mention these allegations. The Eleventh Circuit rejected participation premised on rentals alone, but it did not hold that rentals combined with this kind of staff assistance are insufficient. *Northbrook,* 171 F.4th at 1262.

BNG1's own authority confirms that these allegations suffice. *Northbrook* held that merely renting a room with knowledge of trafficking is not enough in the Eleventh Circuit, but it emphasized that the inquiry is "fact-specific" and that "'something more' may include offering 'personalized support' to a sex trafficker." *Northbrook*, 171 F.4th at 1269. It then vacated summary judgment for the hotel operator because the evidence showed staff talking with the traffickers daily and a front desk employee readmitting the victims to a room. *Id.* at 1262, 1264, 1271. Employees who serve as lookouts for the traffickers give them personalized support at least as significant as readmitting victims to a room. And *Northbrook* applied its standard on a summary judgment record; it did not address what a plaintiff must plead before discovery. 171 F.4th at 1262. *Red Roof* is further afield.

The only defendants on appeal were franchisors, and the court held that the plaintiffs had not alleged that the franchisors themselves participated in the sex trafficking ventures the plaintiffs had pleaded. *Red Roof*, 21 F.4th at 727. Whatever the complaints alleged about franchisee employees, the question there was the franchisors' own participation. Here, the staff who served as lookouts worked for the operator itself. BNG1 is the operator whose own employees dealt with the traffickers. And *Doe 1 v. Apple Inc.*, 96 F.4th 403, 415 (D.C. Cir. 2024), on which *Northbrook* relied, concerned a global cobalt supply chain, not a hotel whose staff watched trafficking unfold in its hallways.

Finally, BNG1 cites *A.B. v. Marriott Int'l, Inc.,* 455 F. Supp. 3d 171 (E.D. Pa. 2020) for the proposition that the TVPRA does not impose an affirmative duty to police trafficking. BNG1 Br. 8 (citing 455 F. Supp. 3d at 182). Plaintiff does not rely solely on BNG1's failures to put in place anti-trafficking safeguards and failures to intervene; her claim separately and independently rests on BNG1's knowing benefit from a venture it participated in.

***4. The FAC plausibly alleges that BNG1 knew or should have known of the venture.***

BNG1 argues that the FAC's "red flags" are generic, are not attributed to BNG1's employees, and are as consistent with lawful or consensual activity as with trafficking, and that BNG1 had to know that "this Plaintiff specifically was being trafficked." BNG1 Br. 2, 9-10. The law does not require victim-specific

knowledge, and the FAC alleges signs of force and coercion that BNG1's own staff observed.

Victim-specific knowledge is not required. The statute asks whether the defendant "knew or should have known" that the venture "has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a). As Judge Pappert explained, "[m]ost courts recognize as much and do not require 'that the defendant knew or should have known of the specific victim who has brought the civil action.'" *R.K.*, 2025 U.S. Dist. LEXIS 202908, at *8-9 (quoting *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 558 (7th Cir. 2023)). BNG1's lead case agrees. The Eleventh Circuit in *Northbrook* rejected the argument that beneficiaries must know the identity of the victim and held: "Section 1595's knowledge element requires constructive or actual knowledge that the undertaking or enterprise violated the TVPRA, nothing more." *Northbrook*, 171 F.4th at 1270.

The red flags pleaded are signs of force, fraud, and coercion observed by staff. BNG1 describes the FAC's red flags as "excessive traffic," towel requests, and cash payments. BNG1 Br. 9. The FAC alleges much more: visible bruising and physical deterioration; physical and verbal abuse in common areas in view or earshot of staff; traffickers openly controlling and shadowing Plaintiff in plain sight of staff; screaming from the rooms audible outside; and drugs, cash, condoms, and lubricants observed by housekeeping. FAC ¶¶ 52, 70 (ECF No. 28 at

15, 17-18). It alleges that staff "witnessed and observed" these signs and interacted with Plaintiff. *Id.* ¶¶ 92-94 (ECF No. 28 at 18). Courts in this Circuit hold such allegations sufficient. *A.B. v. Wyndham*, 2025 U.S. Dist. LEXIS 131656, at *10-11 (signs including frequent male visitors, cash payments, signs of illegal drugs, condoms, frequent linen requests, along with verbal abuse in public spaces and the sounds of abuse); *R.K.*, 2025 U.S. Dist. LEXIS 202908, at *18-19 (distinguishing decision in which the plaintiff did not allege visible signs of abuse such as bruising or screaming from the room). Bruises, abuse in common areas in front of staff, and screaming are not consistent with lawful or consensual activity.

Staff knowledge is BNG1's knowledge. BNG1 operated the Clarion, so what its employees saw is attributable to it. FAC ¶¶ 7-8 (ECF No. 28 at 6). The Third Circuit in *Burrell* inferred that the venture defendants should have known of forced labor from conditions observed by their employees who supervised the work on site. 60 F.4th at 40. The FAC alleges the same thing here: the operator's own staff, including its housekeeping staff, saw the signs. FAC ¶¶ 70, 92-94 (ECF No. 28 at 17-18).

BNG1's out-of-circuit authority does not change the result. BNG1 Br. 9-10. In *Doe (C.T.K.) v. Choice Hotels Int'l, Inc.*, No. 25-C-1274, 2026 U.S. Dist. LEXIS 5045, at *12-18 (E.D. Wis. Jan. 12, 2026), the court found the allegations of force or coercion conclusory and the asserted red flags consistent with

prostitution, noting the absence of allegations of public abuse or visible injury. The FAC here alleges specific means of coercion (physical abuse, threats, drugs, and the withholding of Plaintiff's identification), much of it carried out in front of hotel staff, along with visible bruising. FAC ¶¶ 30, 52 (ECF No. 28 at 9, 15). That decision is not binding on this Court and does not reach these allegations.

### C. The TVPRA Claim Is Timely.

BNG1 argues, in the alternative, that any TVPRA claim based on conduct before November 10, 2015 is barred by the ten-year limitations period of 18 U.S.C. § 1595(c)(1). BNG1 Br. 11-12. The argument cannot support dismissal. BNG1's argument reaches only conduct before November 10, 2015. The FAC alleges that Plaintiff was trafficked at the subject hotels, including the Clarion, from October 2015 through January 2016, and the continuing course of trafficking pleaded here was timely sued upon.

A limitations defense supports dismissal under Rule 12(b)(6) only when the bar is "apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) ("If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." (quotation omitted)). "[A] complaint need not anticipate or overcome affirmative defenses." *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014). In *Schmidt*, the court reversed dismissal

of claims tied to a sale where "there [was] no precise sale date, and the complaint vaguely reference[d] that the sale took place in 2010." *Id.* at 250-51.

No bar is apparent here. The FAC alleges trafficking at the subject hotels from October 2015 "through and inclusive of January 2016," with rooms renewed daily. FAC ¶¶ 29, 66 (ECF No. 28 at 9, 17). Nothing in the FAC confines Plaintiff's time at the Clarion to the weeks before November 10, 2015. Applying *Wisniewski* to a materially identical argument, Judge Pappert denied dismissal where the plaintiff alleged trafficking beginning "in 2015" and continuing for years, "placing most of her allegations within the TVPRA's ten-year limitations period." *R.K.*, 2025 U.S. Dist. LEXIS 202908, at *21-22. By its own terms, BNG1's argument would at most trim the earliest weeks from a timely claim, and Rule 12(b)(6) "doesn't permit piecemeal dismissals of *parts* of claims." *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (emphasis in original).

The continuing violation doctrine independently defeats the argument. In this Circuit, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (quotation omitted). The doctrine applies to "continual unlawful *acts*," not lingering effects. *Montanez v. Sec'y Pa. Dep't of Corr.*, 773

F.3d 472, 481 (3d Cir. 2014) (quotation omitted). Daily rentals to the traffickers, while staff watched and served as lookouts, are continual unlawful acts. Courts have applied the doctrine to TVPRA hotel claims on this basis. *Doe (A.S.F.) v. Wyndham Hotels & Resorts, Inc.*, No. 25-cv-1550, 2025 U.S. Dist. LEXIS 266779, at *8-9 (D.N.J. Dec. 24, 2025) (claim "timely under the continuing tort doctrine"). *R.Z. v. RK Hospitality, LLC*, No. 25-cv-2568, 2026 U.S. Dist. LEXIS 181472, at *11-17 (D. Colo. Aug. 13, 2026) (holding "that the continuing violation doctrine is applicable to claims brought under the TVPRA"). Because Plaintiff was trafficked through January 2016 and sued in November 2025, the claim is timely in full.

### D. Plaintiff Does Not Oppose Dismissal of Count II as to BNG1, Without Prejudice.

BNG1 argues that Count II is barred by Pennsylvania's two-year limitations period and notes Plaintiff's position on co-defendants' motions. BNG1 Br. 10-11 (citing Plaintiff's Brief in Opposition, ECF No. 48 at 2 n.1). Consistent with that position, Plaintiff does not oppose dismissal of Count II as to BNG1 without prejudice.

Plaintiff asks for dismissal without prejudice for a concrete reason. Across the country, legislatures have opened "lookback" or revival windows that let survivors of sexual abuse bring claims that would otherwise be time-barred. Some of these windows reach survivors who were adults when they were abused. *See, e.g.*, N.Y. C.P.L.R. 214-j (providing a revival window for sexual offenses

committed against adults) and N.J. Stat. Ann. § 2A:14-2b (two-year revival window).

Pennsylvania has spent years trying to do the same. The General Assembly approved, on first passage, a constitutional amendment creating a revival window, but, in 2021, the Pennsylvania Department of State failed to advertise it as required, so it never went to the voters. Elizabeth Hardison and Stephen Caruso, *Top Pa. Election Official Boockvar to Step Down After Error Delays Sex Abuse Reform*, Pa. Capital-Star (Feb. 1, 2021), https://penncapital-star.com/government-politics/top-pa-election-official-boockvar-to-step-down-after-error-delays-sex-abuse-reform/. The effort has continued. On June 9, 2025, the House passed a statutory two-year revival window (H.B. 462, 122-80) and a companion constitutional amendment (H.B. 464, 138-64). *See* H.B. 462 & H.B. 464, 2025-2026 Reg. Sess. (Pa. 2025).

Plaintiff does not ask the Court to decide what effect any future legislation would have. She asks only that the Court not enter a with-prejudice judgment on Count II, which would put an unnecessary obstacle in the way of any remedy the state legislature could provide. Plaintiff respectfully requests that the dismissal be without prejudice.

### E. Alternatively, Plaintiff Should Be Granted Leave to Amend.

BNG1 asks for dismissal with prejudice. BNG1 Br. 2, 12. If the Court finds any aspect of Count I deficient, it should grant leave to amend. In this Circuit, "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236; *see Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). BNG1's principal objection is that the FAC does not separate the allegations hotel by hotel. That is a matter of form that amendment can cure, and no inequity or futility is shown.

## VII. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny BNG1's motion to dismiss as to Count I; dismiss Count II as to BNG1 without prejudice; and, in the alternative, grant Plaintiff leave to file a second amended complaint.

Dated this 6th day of November 2026.

Respectfully submitted,

*/s/ Nathaniel L. Foote, Esq.*

Nathaniel L. Foote, Esq.
PA Bar No. 318998
Ashley Ventrillo, Esq. (pro hac vice)
ANDREOZZI + FOOTE
4503 North Front Street
Harrisburg, PA 17110
(717) 525-9124
TeamD@vca.law

*Attorneys for Plaintiff S.J.*

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.8(b)(2), I certify that this brief contains 4,768 words, as counted by the word-processing system used to prepare it, excluding the caption, table of contents, table of authorities, signature block, and certificates.

Dated this 6th day of November 2026.

Respectfully submitted,

/s/ *Nathaniel L. Foote, Esq.*
Nathaniel L. Foote, Esq.
PA Bar No. 318998
Ashley Ventrillo, Esq. (pro hac vice)
ANDREOZZI + FOOTE
4503 North Front Street
Harrisburg, PA 17110
(717) 525-9124
TeamD@vca.law

*Attorneys for Plaintiff S.J.*

# CERTIFICATE OF SERVICE

I certify that on the date below, I caused the foregoing brief to be filed through the Court's CM/ECF system, which will send notice of the filing to all counsel of record.

Dated this 6th day of November 2026.
/s/ *Nathaniel L. Foote, Esq.*