# A.B. v. Wyndham Hotel & Resorts, Inc.

United States District Court for the Middle District of Pennsylvania

July 11, 2025, Decided; July 11, 2025, Filed

CIVIL ACTION NO. 3:24-CV-01588

**Reporter**
2025 U.S. Dist. LEXIS 131656 *; 2025 LX 290252; 2025 WL 1920417

A.B., Plaintiff, v. WYNDHAM HOTEL & RESORTS, INC., et al., Defendants.

**Counsel:** **[*1]** For A.B., AN INDIVIDUAL, Plaintiff: Jennifer Jana El-Kadi, LEAD ATTORNEY, Babin Law, LLC, Columbus, OH; Nathaniel L Foote, Andreozzi & Foote, Harrisburg, PA; Penny L. Barrick, PRO HAC VICE, Babin Law, LLC.,, Columbus, OH; Ryan P. Dickinson, Andreozzi and Foote, Harrisburg, PA.

For WYNDAM HOTEL & RESORTS, INC., Defendant: Nathan P. Heller, LEAD ATTORNEY, DLA Piper LLP (US), Philadelphia, PA; David Sager, PRO HAC VICE, DLA Piper LLP (US), Short Hills, NJ; Nancy Shane Rappaport, DLA Piper LLP, Philadelphia, PA.

**Judges:** KAROLINE MEHALCHICK, United States District Judge.

**Opinion by:** KAROLINE MEHALCHICK

## Opinion

Presently before the Court is Defendant Wyndham Hotel & Resorts, Inc.'s ("Wyndham") motion to dismiss for failure to state a claim. (Doc. 30). On October 6, 2023, Plaintiff A.B. ("A.B.") initiated this action by filing a complaint in the Eastern District of Pennsylvania. (Doc. 1). On September 19, 2024, the Eastern District's Clerk of Court transferred the matter to this Court. (Doc. 17). On January 15, 2025, A.B. filed the operative amended complaint against Wyndham and Om Sri Sai, Inc. d/b/a Howard Johnson ("Om Sri Sai") (together, "Defendants"). (Doc. 27). For the following reasons, Wyndham's motion to dismiss **[*2]** shall be **DENIED**. (Doc. 30).

### I. Background and Procedural History

The following background is taken from the amended complaint and, for purposes of the instant motion, is taken as true. (Doc. 27). A.B. is a survivor of human sex trafficking. (Doc. 27, ¶ 1). Between February and October 2013, an unidentified human trafficker trafficked A.B., held A.B. prisoner, and subjected A.B. to repeated sexual assault at Wyndham's Bartonsville Howard Johnson, a now-closed hotel located in Bartonsville, Pennsylvania. (Doc. 27, ¶¶ 1, 4-6, 50, 53). Other women were also being trafficked at the same hotel at the same time. (Doc. 27, ¶ 54, 57). Wyndham, a hotel brand that owns nearly 9,200 branded properties worldwide, and Om Sri Sai, a limited liability company, held a franchising agreement for the hotel in which Wyndham was the franchisor and Om Sri Sai was the franchisee. (Doc. 27, ¶¶ 4, 24, 29). Pursuant to this agreement, Defendants held joint rights of control, management, and profit over the hotel. (Doc. 27, ¶¶ 8, 27, 75). Wyndham received a percentage of gross revenue from each room rented at the hotel, maintained control over the hotel's staffing decisions, provided the hotel's centralized corporate **[*3]** system, set all policies and procedures for the hotel, regulated room rates for the hotel, regularly audited and inspected the hotel, provided all training for the hotel's staff, and required its approval for all substantial changes made to the hotel. (Doc. 27, ¶¶ 27, 95-99, 103-04).

According to the complaint, while A.B. was being

trafficked at the hotel in 2013, hotel staff repeatedly saw evidence that A.B. suffered from physical abuse, including A.B. being bruised and emaciated. (Doc. 27, ¶¶ 51, 54-56). Staff also observed signs of human trafficking, such as patrons regularly paying in cash, patrons paying for extended stays, signs of illegal drug use, frequent requests for linen changes, large numbers of condoms left in the trash, men regularly asking at the front desk to see A.B. and/or her trafficker, verbal abuse in public spaces, the sounds of physical and verbal abuse, a large number of men coming in and out of A.B.'s room, women wearing inappropriate clothing for the weather, and solicitation on the hotel grounds. (Doc. 27, ¶ 58). Former guests at the hotel left online reviews complaining about prostitution and "violence by pimps" at the hotel. (Doc. 27, ¶¶ 67-68). The police **[*4]** regularly appeared at the hotel to investigate trafficking activity and physical violence. (Doc. 27, ¶ 57). In May 2022, the United States Attorney's Office for the Middle District of Pennsylvania convicted Om Sri Sai of sex trafficking which occurred at the hotel between 2011 and 2019. (Doc. 27, ¶ 72).

A.B. filed the amended complaint on January 15, 2025, asserting Defendants are directly and vicariously liable under *Section 1595 of the Trafficking Victims Protection Reauthorization Act ("TVPRA")*. (Doc. 27). On January 29, 2025, Wyndham filed a motion to dismiss for failure to state a claim along with a brief in support. (Doc. 30; Doc. 31). On March 5, 2025, A.B. filed a brief in opposition. (Doc. 40). On March 26, 2025, Wyndham filed a reply brief. (Doc. 41). Accordingly, the motion to dismiss has been fully briefed and is ripe for disposition.

## II. LEGAL STANDARDS

*Rule 12(b)(6) of the Federal Rules of Civil Procedure* authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P. 12(b)(6)*. To assess the sufficiency of a complaint on a *Rule 12(b)(6)* motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken **[*5]** as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011)*. In deciding a *Rule 12(b)(6)* motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)*.

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*. The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal, 556 U.S. at 678*. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . . " *Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)* (quoting *In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997)*). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters, 459 U.S. 519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983)*.

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content **[*6]** that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel, 854 F.3d 209, 219-20 (3d Cir. 2017)* (quoting *Iqbal, 556 U.S. at 678*) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010)*. The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994)*. This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S., 839 F.3d 336, 347 (3d Cir. 2016)* (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt, 839 F.3d at 347*.

## III. Discussion

The amended complaint's sole count alleges that Defendants are directly and vicariously subject to beneficiary liability under *Section 1595 of the TVPRA* because they "benefit[ed] financially. . . from a venture that they knew, or should have known, engaged in" sex trafficking. (Doc. 27, ¶¶ 115-19). Wyndham moves for dismissal of the amended complaint as to Wyndham, arguing that A.B. fails to allege that Wyndham had sufficient involvement with or knowledge of A.B.'s trafficking so as to state a claim against Wyndham for beneficiary liability under **[*7]** *Section 1595*. (Doc. 31, at 11-21). Wyndham further avers that A.B. fails to allege that Wyndham had sufficient control over Om Sri Sai and the hotel staff so as to state a vicarious liability claim against Wyndham. (Doc. 31, at 11-26). The Court will address each issue in turn.

### A. TVPRA Beneficiary Liability

Wyndham argues that A.B. does not allege that Wyndham participated in a venture that Wyndham knew or should have known was engaged in sex trafficking, and therefore fails to state a claim against Wyndham for beneficiary liability under *§ 1595 of the TVPRA*. (Doc. 27, at 11-21). A.B. counters that she does state a claim for beneficiary liability because she alleges that Wyndham profited from the trafficking at the hotel and ignored obvious signs of sex trafficking. (Doc. 27, at 11-18).

*Section 1595 of the TVPRA* states:

> An individual who is a victim of [sex trafficking as defined by the TVPRA] may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in [sex trafficking as defined by the TVPRA]) in an appropriate district court of the United States **[*8]** and may recover damages and reasonable attorneys fees.

*18 U.S.C.A. § 1595 (a)*. Beneficiary liability is liability under *§ 1595 of the TVPRA* for defendants who "knowingly benefit[ed] from facilitating a venture it knew or should have known engaged in sex trafficking." *A.B. v. Marriott Int'l, Inc., 455 F. Supp. 3d 171, 181 (E.D. Pa. 2020)*. Courts in the Third Circuit conclude that to survive a motion to dismiss, a plaintiff must put forth allegations showing the defendant "(1) 'knowingly benefit[ted] financially or [received] anything of value'; (2) from participation in a venture; (3) it 'knew or should have known has engaged in' sex trafficking [as defined by the TVPRA]."[1] *See A.B., 455 F.*

---

[1] The Court notes that the Northern District of Georgia has articulated a different standard for beneficiary liability claims which requires plaintiffs to show "(1) knowledge as to a benefit received from trafficking; (2) knowledge as to "assisting, supporting or facilitating" trafficking; and (3) knowledge that plaintiff was either a minor or subject to force." *Doe 1 v. Red Roof Inns, Inc., No. 1:19-CV-03840-WMR, 2020 U.S. Dist. LEXIS 67139, 2020 WL 1872335, at *3 (N.D. Ga. Apr. 13, 2020)*, *aff'd sub nom. Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714 (11th Cir. 2021)*. Under this standard "[a]ssociation alone cannot establish liability; instead, knowledge

*Supp. 3d at 189* (quoting *Doe S.W. v. Lorain-Elyria Motel, Inc., No. 2:19-CV-1194, 2020 U.S. Dist. LEXIS 44961, 2020 WL 1244192, at *5 (S.D. Ohio Mar. 16, 2020)*); *see also* *E.B. v. Howard Johnson by Wyndham Newark Airport, No. CV 21-2901, 2023 U.S. Dist. LEXIS 231401, 2023 WL 12053001, at *6 (D.N.J. Dec. 29, 2023)* (applying the same standard); *see also* *Doe (K.R.D.) v. Wyndham Hotels & Resorts, Inc., No. CV 24-8174, 2025 U.S. Dist. LEXIS 76129, 2025 WL 1166519, at *3 (D.N.J. Apr. 21, 2025)* (same).

A plaintiff may meet the "knowingly benefit[ed]" requirement by alleging that a hotel franchisor defendant profited from a franchised hotel renting hotel rooms to sex traffickers. *A.B., 455 F. Supp. 3d at 190*; *see also* *Doe (K.R.D.), 2025 U.S. Dist. LEXIS 76129, 2025 WL 1166519, at *3*. Regarding the "participated in a venture" requirement, "'participation [in a venture]' under *section 1595* does not require actual knowledge of participation in sex trafficking itself." *A.B. v. Marriott Int'l, Inc., 455 F. Supp. 3d at 185* (citing *M.A., 425 F. Supp. 3d at 967*). A plaintiff may meet the "participated in a venture" requirement by alleging that a hotel franchisor defendant had a franchise relationship with a hotel which regularly **[*9]** rented rooms to the plaintiff's sex trafficker so long as the plaintiff also shows that the hotel franchisor defendant knew or should have known about the sex trafficking. *See A.B., 455 F. Supp. 3d at 185* (citing *M.A., 425 F. Supp. 3d at 968-69*); *see also* *Doe (K.R.D.), 2025 U.S. Dist. LEXIS 76129, 2025 WL 1166519, at *3*.

A plaintiff may establish that a hotel franchisor defendant "should have known" about sex trafficking at a franchised hotel by alleging that a there were clear signs of sex trafficking at the franchised hotel which the hotel franchisor defendant should have discovered. *See A.B., 455 F. Supp. 3d at 194*; *see also* *Doe (K.R.D.), 2025 U.S. Dist. LEXIS 76129, 2025 WL 1166519, at *3*; *see also* *E.B., 2023 U.S. Dist. LEXIS 231401, 2023 WL 12053001, at *9*. These signs may include frequent male visitors to the plaintiff's room, frequent payments with cash, large numbers of condoms left in rooms, sounds of physical altercations, and the plaintiff appearing to be physically abused. *See A.B., 455 F. Supp. 3d at 194*; *see also* *Doe (K.R.D.), 2025 U.S. Dist. LEXIS 76129, 2025 WL 1166519, at *3*; *see also* *E.B., 2023 U.S. Dist. LEXIS 231401, 2023 WL 12053001, at *9*.

A.B. alleges that Wyndham received a percentage of gross revenue from rooms the hotel rented to A.B.'s trafficker.[2] (Doc. 27, ¶ 27). Accordingly, A.B. meets the "knowingly benefit[ed]" requirement. *A.B., 455 F. Supp. 3d at 190*; *see also* *Doe (K.R.D.), 2025 U.S. Dist. LEXIS 76129, 2025 WL 1166519, at *3*. Turning to the "participation in a venture" requirement, A.B. alleges that Wyndham was a hotel franchisor which shared profit and operational rights over the hotel. (Doc. 27, ¶¶ 8, 27, 75, 80, 95-99, 103-04). A.B. further alleges that the hotel **[*10]** regularly rented rooms to A.B.'s trafficker. (Doc. 27, ¶ 46). Wyndham argues that these allegations are insufficient to meet the "participation in a venture" requirement because they do not show Wyndham participated in a venture with A.B.'s trafficker. (Doc. 31, at 12-17). According to Wyndham, participation in an

---

and 'some participation in the sex trafficking act itself must be shown.'" *Doe 1, No. 2020 U.S. Dist. LEXIS 67139, 2020 WL 1872335, at *3* (quoting *Noble v. Weinstein, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018)*). Both parties rely on the Eastern District of Pennsylvania's standard discussed above rather than the Northern District of Georgia's standard. (Doc. 31, at 11-12; Doc. 40, at 11-12; Doc. 41, at 6). Further, as noted by the Eastern District of Pennsylvania, the Northern District of Georgia's standard appears to require "a victim seeking a civil remedy under *section 1595* [t]o first prove the criminal offense" which is inconsistent with the language of the TVPRA because while a criminal offense under the TVPRA "requires 'knowing' or 'reckless disregard' of a sex trafficking venture" a civil action under the TVPRA allows liability where a defendant "should have known" about a sex trafficking venture. ***A.B., 455 F. Supp. 3d at 188***. Because of this and because both parties rely on decisions out of the Eastern District of Pennsylvania, the Court will apply the standard outlined by the Eastern District. *See* ***A.B., 455 F. Supp. 3d at 188***.

[2] Wyndham does not dispute that A.B. has sufficiently alleged that she was a victim of sex trafficking as defined by the TVPRA.

ordinary franchise[3] or business venture is insufficient under the TVPRA. (Doc. 31, at 12-17). However, courts repeatedly conclude that similar allegations to those presented here are sufficient to meet the "participation in a venture" requirement where a hotel franchisor defendant knew or should have known about sex trafficking in a franchised hotel.[4] *See A.B., 455 F. Supp. 3d at 192*; *see also* *Doe (K.R.D.), 2025 U.S. Dist. LEXIS 76129, 2025 WL 1166519, at *3*; *see also* *E.B., 2023 U.S. Dist. LEXIS 231401, 2023 WL 12053001, at *8*; *see also* *Doe C.J. v. Cotugno, No. CV 23-02973, 2024 U.S. Dist. LEXIS 188925, 2024 WL 4500994, at *3 (D.N.J. May 16, 2024)*.

Turning to the "knew or should have known requirement," Wyndham avers that A.B. fails to show Wyndham knew or should have known about A.B.'s trafficking because A.B. only alleges that Wyndham had general awareness about sex trafficking in hotels. (Doc. 31, at 17-21). However, A.B. alleges that the hotel's staff saw clear signs of sex trafficking at the hotel such as patrons regularly paying in cash, patrons paying for extended stays, signs of illegal drug **[*11]** use, frequent requests for linen changes, large numbers of condoms left in the trash, men regularly asking the front desk to see A.B. and/or her trafficker, verbal abuse in public spaces, the sounds of abuse, large numbers of men coming in and out of A.B.'s room, women wearing inappropriate clothing for the weather, and solicitation on the hotel's grounds. (Doc 27, ¶ 58). Further, A.B. alleges that the police regularly arrived at the hotel to investigate trafficking and former patrons left online reviews of the hotel complaining about prostitution and "violence by pimps" at the hotel. (Doc 27, ¶¶ 57, 67). A.B. also alleges that Wyndham regularly inspected and audited the hotel. (Doc 27, ¶ 104). These allegations are sufficient to show that Wyndham should have known about A.B.'s trafficking at the hotel. *See A.B., 455 F. Supp. 3d at 190-91*; *see also* *Doe (K.R.D.), 2025 U.S. Dist. LEXIS 76129, 2025 WL 1166519, at *3*; *see also* *E.B, 2023 U.S. Dist. LEXIS 231401, 2023 WL 12053001, at *9*. Accordingly, A.B. meets the pleading requirements for her beneficiary liability claim. *See A.B., 455 F. Supp. 3d at 190-91*; *see also* *Doe (K.R.D.), 2025 U.S. Dist. LEXIS 76129, 2025 WL 1166519, at *3*; *see also* *E.B, 2023 U.S. Dist. LEXIS 231401, 2023 WL 12053001, at *9*. Wyndham's motion to dismiss is **DENIED**. (Doc. 30).

B. VICARIOUS LIABILITY

The amended complaint also alleges that Wyndham is vicariously liable for the actions of Om Sri Sai and the hotel staff pursuant to *§ 1595 of the TVPRA*. (Doc. 1, ¶¶ 8, 27, 99, 115-19). Wyndham **[*12]** argues that A.B. fails to state a claim for vicarious liability because she does not allege Wyndham had "operational control over a franchisee's business beyond the customary parameters of the franchise relationship." (Doc. 31, at 24). According to Wyndham, A.B.'s allegations

[3] Wyndham also asserts that it was not the hotel's franchisor at the time A.B. was trafficked in the hotel. (Doc. 31, at 8). The amended complaint alleges that Wyndham entered into a franchise agreement with Om Sri Sai in which Wyndham was the franchisor and Om Sri Sai was the Franchisee. (Doc. 27, ¶¶ 4, 24, 27). At this early stage, the Court must accept this allegation as true and draw all reasonable inferences in favor of ***A.B***. Jordan, 20 F.3d at 1261.

[4] Wyndham argues that A.B.'s claim should be dismissed because the allegations in the amended complaint alleging participation in a venture are contradictory, and thus not-well pled. (Doc. 41, at 7). According to Wyndham, A.B. alleges that Wyndham was the owner of the hotel, but also that Wyndham was the franchisor of the hotel, such that it could not be the owner. (Doc. 41, at 7). The Court acknowledges that there is some confusion in the amended complaint regarding whether Wyndham was the owner of the hotel. For example, A.B. alleges both that Wyndham was the owner of the hotel, and that the owner of the hotel was an individual who provided A.B.'s traffickers with free rooms in exchange for commercial sex. (Doc. 27, ¶¶ 54, 59). A plaintiff is permitted to plead inconsistent factual allegations in a complaint. *See* *Indep. Enters. Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1175 (3d Cir. 1997)* (stating "[*Federal Rule of Civil Procedure 8(e)(2)*] permits inconsistency in both legal and factual allegations"). Even if the Court disregards A.B's allegation that Wyndham owned the hotel, the remaining allegations are sufficient to meet the "participated in a venture" requirement. *See* ***A.B., 455 F. Supp. 3d at 192***; *see also* *Doe (K.R.D.), 2025 U.S. Dist. LEXIS 76129, 2025 WL 1166519, at *3*; *see also* *E.B., 2023 U.S. Dist. LEXIS 231401, 2023 WL 12053001, at *8*; *see also* *Doe (C.J.), 2024 U.S. Dist. LEXIS 188925, 2024 WL 4500994, at *3*.

of Wyndham's control over Om Sri Sai and the hotel's staff only show "facets of an ordinary franchise relationship" which are insufficient to state a claim for vicarious liability. (Doc. 31, at 24). A.B. counters that she sufficiently alleges Wyndham exercised sufficient control over the hotel's daily operations such that she has adequately stated a claim of a principal-agent relationship in which Om Sri Sai and the hotel staff were agents of Wyndham. (Doc. 40, at 19-21). A.B. further avers that these allegations are sufficient to state a claim for vicarious liability. (Doc. 40, at 19-21).

Courts within the Third Circuit have concluded that a plaintiff states a claim for vicarious liability against a hotel franchisor by alleging a common law principal-agent relationship in which the hotel franchisor exerts substantial control over the franchised hotel's operations. *See A.B., 455 F. Supp. 3d at 195*; *see also* *E.B., 2023 U.S. Dist. LEXIS 231401, 2023 WL 12053001, at *10*; *see also* *Doe (K.R.D.), 2025 U.S. Dist. LEXIS 76129, 2025 WL 1166519, at *4*. Courts apply the law **[*13]** of the state where the sex trafficking occurred to determine whether a plaintiff has established a common law principal-agent relationship sufficient to impose vicarious liability. *See A.B., 455 F. Supp. 3d at 195* (applying Pennsylvania law); *E.B., 2023 U.S. Dist. LEXIS 231401, 2023 WL 12053001, at *10* (applying New Jersey law). Under Pennsylvania law, not all principal-agent relationships subject the principal to vicarious liability for the actions of the agent; rather, the plaintiff must allege a master-servant relationship. *A.B., 455 F. Supp. 3d at 195*. "[T]he focus of the inquiry '[is] whether the alleged master has day-to-day control over the manner of the alleged servant's performance." *A.B., 455 F. Supp. 3d at 195* (quoting *Myszkowski v. Penn Stroud Hotel, Inc., 430 Pa. Super. 315, 321, 634 A.2d 622 (1993)*). A plaintiff may state claim for vicarious liability against a hotel franchisor defendant by alleging that the hotel franchisor controlled a franchised hotel's staff training, set the franchised hotel's policies, regulated the building standards for the franchised hotel, conducted regular inspections of the franchised hotel, and controlled the franchised hotel's pricing. *See A.B., 455 F. Supp. 3d 171, 196 (E.D. Pa. 2020)*; *see* *Doe (K.R.D.), 2025 U.S. Dist. LEXIS 76129, 2025 WL 1166519, at *4*; *see also* *Doe (C.J.), 2024 U.S. Dist. LEXIS 188925, 2024 WL 4500994, at *5*.

A.B. alleges that Wyndham exerted day-to-day operational control over the hotel by conducting all staff training, regulating all policies and procedures followed by the hotel, requiring the hotel to use Wyndham's **[*14]** property management system, having final approval over all substantial changes to the hotel, inspecting the hotel, determining room rental rates at the hotel, and maintaining control over staffing decisions at hotel. (Doc. 27, ¶¶ 27, 98, 104). Wyndham contends that these allegations only show the general "customary parameters of [a] franchise relationship" and are insufficient to show control over the hotel's operations. (Doc. 31, at 23-24). The Court disagrees, however, and concludes that the allegations are sufficient to state a claim for vicarious liability at this juncture.[5] *See A.B., 455 F. Supp. 3d at 196*; *see also* *E.B., 2023 U.S. Dist. LEXIS 231401, 2023 WL 12053001, at *11*; *Doe (C.J.), 2024 U.S. Dist. LEXIS 188925, 2024 WL 4500994, at *5*.

Accordingly, the Court finds that A.B. sufficiently

[5] Wyndham also argues that it cannot be held vicariously liable for the actions of the Om Sri Sai and the hotel through an apparent agency theory or a joint employment theory. (Doc. 31, at 25-26). A.B. agrees that it is not seeking to show vicarious liability through an apparent agency theory. (Doc. 40, at 19-22). As such, the Court need not address the issue. Further, although the amended complaint alleges that the hotel were joint employees of Wyndham and the hotel, this is just one allegation of Wyndham's operational control over the hotel. (Doc. 27, ¶¶ 27, 98, 104). A plaintiff is not required to show joint employment to state a claim for vicarious liability. *See* ***A.B., 455 F. Supp. 3d at 196*** (finding vicarious liability based on allegations of operational control which did not include allegations of joint employment); *see also* *E.B., 2023 U.S. Dist. LEXIS 231401, 2023 WL 12053001, at *11* (finding the same); *Doe (C.J.), 2024 U.S. Dist. LEXIS 188925, 2024 WL 4500994, at *5*(same). Even if the Court accepts Wyndham's argument that A.B. fails to show joint-employment and disregards that allegation, that failure is not grounds for dismissal.

states a claim for vicarious liability.[6] Wyndham's motion to dismiss is **DENIED**. (Doc. 30).

## IV. CONCLUSION

For the foregoing reasons, Wyndham's motion to dismiss is **DENIED**. (Doc. 30).

An appropriate Order follows.

**BY THE COURT**:

**Dated: July 11, 2025**

/s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**

**United States District Judge**

## ORDER

**AND NOW**, this **11th** day of **July, 2025**, for the reasons set forth in the Memorandum Opinion filed concurrently herewith, **IT IS HEREBY ORDERED** that Wyndham's motion to dismiss is **DENIED**. (Doc. 30). Defendant, Wyndham Hotel **[*15]** & Resorts, Inc., is directed to file an answer to the amended complaint within 21 days of the date of this Order.

**BY THE COURT**:

/s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**

**United States District Judge**

---

End of Document

[6] Wyndham further argues that Defendants cannot be held jointly and severally liable because A.B. fails to state a claim against Wyndham. (Doc. 31, at 26). This argument fails because the Court concludes that A.B. does state a claim against Wyndham.